## Stewart *v.* Stewart, Appellant.

*Divorce a mensa et thoro—Adultery—Evidence.*

A decree in divorce, a mensa et thoro, is properly granted where the respondent's misconduct is established in as satisfactory a manner as that fact is ever established by circumstantial evidence.

Argued November 19, 1924. Appeal, No. 76, April T., 1925, by respondent, from decree of C. P. Allegheny Co., July T., 1921, No. 2506, granting a divorce, a mensa et thoro, in the case of Marion S. Stewart v. George W. Stewart. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Libel in divorce, a mensa et thoro. Before DREW, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Frank A. Piekarski, Esq., as master, who recommended that a divorce be refused.

On exceptions to the master's report the court sustained the exceptions and granted a divorce, a mensa et thoro.   Respondent appealed.

*Error assigned* was the decree of the court.

*Joseph Stadtfeld,* for appellant.

*Thomas M. Marshall, Jr.,* and with him *Thomas M. Marshall,* for appellee.

Opinion by Gawthrop, J., February 27, 1925:

The parties to this proceeding in divorce are the same as in No. 75, April Term, 1925.   But here the libel was filed by the wife, charging the husband with adultery and asking for a divorce a mensa et thoro with alimony.   The respondent is now paying the libellant $100 a month for her support and maintenance.   The same master who recommended a divorce in the other case found that in this the charge was not sustained by the evidence and recommended that a divorce be refused.   Again the court below disagreed with the master and entered a decree separating the libellant from the respondent from bed and board, reserving the fixing of the alimony until testimony is taken with relation to the estate of the husband and his ability to pay.   The only question raised by the assignments of error is whether under the evidence the appellant is entitled to the decree.   Again we agree with the court below, but deem it undesirable to discuss the testimony in detail.   The evidence of the respondent's adultery is established in as satisfactory a manner as that fact is ever established by circumstantial evidence. The corespondent took refuge in flight and did not appear at the hearing, although an effort was made by the libellant to subpœna her.   The testimony of the defend-

41, (1925).]        Opinion of the Court.

ant tended to strengthen rather than weaken the wife's case.

The decree is affirmed at the appellant's cost.

PORTER, J., did not sit in this case and took no part in its decision.